Jihad M. Smaili, Esq. [SBN 262219]
Stephen D. Counts, Esq. [SBN 231348]
**SMAILI & ASSOCIATES, PC**
2114 North Broadway, Suite 200
Santa Ana, California 92706
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
ESPERANZA RIOS

**SEYFARTH SHAW LLP**
Michele J. Beilke (SBN 194098)
mbeilke@seyfarth.com
Steven A. Morphy (SBN 313275)
smorphy@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
GLOBAL ANALYTICAL DEVELOPMENT LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>GLOBAL ANALYTICAL DEVELOPMENT LLC, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 2:26-cv-05288-MCS-RAO<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference**:<br>Date:        July 13, 2026<br>Time:        10:00 AM<br>Courtroom:  7C<br><br>Complaint Filed: July 30, 2025<br>Case Removed: May 15, 2026 |

JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and the Court's Order Setting Scheduling Conference, Plaintiff Esperanza Rios ("Plaintiff") and Defendant Global Analytical Development LLC ("Defendant") through their undersigned counsel, hereby submit this Joint Rule 26(f) Report.

Counsel for the parties completed the Rule 26(f) Conference on June 19, 2026.

**A.     STATEMENT OF THE CASE**

In her Complaint, Plaintiff alleges thirteen causes of action against Defendant for: (1) Harassment in Violation of Gov. Code § 12940 et seq.; (2) Disability Discrimination in Violation of Gov. Code § 12940 et seq.; (3) Failure to Accommodate in Violation of Gov. Code § 12940(m); (4) Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n); (5) Age Discrimination in Violation of Gov. Code § 12940 et seq.; (6) Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k); (7) Retaliation in Violation of Gov. Code § 12940(h); (8) Wrongful Termination; (9) Meal and Rest Break Violations of Labor Code § 226.7; (10) Failure to Pay Overtime & Wages; (11) Failure to Pay All Compensation at Termination; Waiting Time Penalties; (12) Failure to Provide Employment Records in Violation of Labor Code § 1198.5 et seq.; and (13) Violation of Business & Professions Code § 17200 et seq.

**<u>Plaintiff's Statement:</u>**

Plaintiff is a 58-year-old female who had worked for Defendant for more than 6 years prior to her wrongful termination on August 15, 2023. From August 2022 to August 2023, Defendant subjected Plaintiff to harassment and retaliation. After contracting COVID, Defendant accused Plaintiff of submitting a false COVID test and forced her to continue working while observably ill. Plaintiff also incurred a repetitive injury in her wrists and shoulders but, when she reported her injury to manager, Cecola Henry, she was told "we all get injured with this job" and forced her to continue working without accommodation or interactive process, and without being provided worker's compensation paperwork.

Just prior to Plaintiff's termination, on August 1, 2023, during a company pizza party, supervisor Maria Mercado, recklessly hit Plaintiff with a water balloon and, when Plaintiff threw a water balloon back at Ms. Mercado, she was falsely accused of pulling Ms. Mercado's hair and engaging in other improper behavior. On August 15, 2023, Plaintiff was wrongfully terminated under the false pretext that Plaintiff violated company policy.

**Defendant's Statement:**

Defendant denies the merits of each of Plaintiff's claims in this action and denies that Plaintiff is entitled to any relief whatsoever. Defendant terminated Plaintiff on August 15, 2023, because of a legitimate, non-discriminatory, and non-retaliatory reason: specifically, on July 19, 2023, after repeated attendance issues that included a written warning and verbal counseling for accumulating 30 occurrences and over 120 hours of work, Plaintiff submitted a false COVID-19 test result to Defendant in support of her claim that she had tested positive for COVID-19. After she was questioned about the false test, Plaintiff confirmed that she had sent an old picture of a prior positive COVID test, but insisted that she had tested positive. Defendant asked Plaintiff to provide a copy of the new test, but Plaintiff could not do so. Plaintiff was terminated for submitting a falsified COVID test result in violation of the Abbott's Code of Business Conduct. Defendant otherwise denies all of Plaintiff's allegations and further denies liability.

Defendant also asserts several affirmative defenses.

As for her claims based on disability, Plaintiff was not disabled, as she never notified anyone at Defendant about any alleged disability or requested accommodation. Further, after Plaintiff contacted Defendant with the false COVID test and was notified that she would have to use vacation or sick time to cover her time off, Plaintiff volunteered to report to work the next day. Finally, Plaintiff was properly paid for the time that she worked and provided with the required meal periods and rest breaks.

3

## B.    SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  There is no dispute that the amount in controversy exceeds $75,000 and that there is complete diversity between the parties.

## C.    LEGAL ISSUES

The parties jointly state that the principal legal issues are:

- Whether Plaintiff was disabled;

- Whether Defendant harassed Plaintiff on the basis of her disabilities, age, or protected activities;

- Whether Defendant discriminated against Plaintiff on the basis of her disabilities, age, or protected activities;

- Whether Defendant provided Plaintiff with reasonable accommodations for her alleged disability;

- Whether Defendant engaged in a timely and good faith interactive process with Plaintiff at all times;

- Whether Defendant failed to prevent discrimination;

- Whether Defendant retaliated against Plaintiff for engaging in any alleged protected activity;

- Whether Defendant wrongfully terminated Plaintiff in violation of public policy;

- Whether Defendant provided Plaintiff with all legally required meal periods and rest breaks;

- Whether Defendant paid Plaintiff all overtime and wages;

- Whether Defendant timely paid Plaintiff all compensation at termination;

- Whether Defendant failed to provide employment records;

- Whether Plaintiff suffered any economic and non-economic damages as a result of Defendant's alleged conduct;

- The nature and extent of Plaintiff's damages, if any; and

4

- Whether any officer, director, or managing agent of Defendant acted with malice, oppression or fraud with respect to Plaintiff.

**D.    PARTIES AND EVIDENCE**

**<u>Parties:</u>**

- Esperanza Rios

- Global Analytical Development LLC

For conflict purposes, Defendant Global Analytical Development LLC identifies the following subsidiaries, parents, and affiliates:

- ATS Laboratories, Inc. – sole member of Defendant

- Abbott Laboratories – parent

**<u>Key Percipient Witnesses:</u>**

- Esperanza Rios – Plaintiff

- Tania Serrano – Production Supervisor; Plaintiff's direct manager

- Cecilia Henry – Sr. Manager Technical Operations; Plaintiff's next-level manager

- Lori Anderson-Cox – HR Manager

- Maria Mercado – Plaintiff's co-worker

**<u>Key Documents:</u>**

- Plaintiff's personnel file;

- Documents and communications regarding Plaintiff's attendance and performance issues, including written warnings and record of verbal or written counseling;

- Emails regarding Plaintiff's claim of testing positive for COVID-19, and related communications;

- Documents evidencing communications between Defendant, Plaintiff, and any employee of Defendant;

- Plaintiff's time and pay records;

- Relevant policies, including policies regarding anti-discrimination, anti-harassment, and anti-retaliation and Abbott's Code of Business Conduct;

5

- Relevant documents pertaining to Plaintiff's termination;
- Plaintiff's medical records;
- Records relating to Plaintiffs job search and post-termination employment.

### E.    DAMAGES

Plaintiff's Complaint alleges a minimum of $300,000.00 in damages.

Defendant denies that Plaintiff is entitled to any damages.  Defendant does not seek damages at this time.

### F.    INSURANCE

Defendant does not have any insurance coverage that might apply to the claims asserted in this case.

### G.    MOTIONS

The Parties do not anticipate any procedural motions at this time to add other parties or claims, file amended pleadings, or transfer venue.

### H.    DISPOSITIVE MOTIONS

Defendant anticipates filing a motion for summary judgment or partial summary judgment on each of Plaintiff's claims as well as on the issue of punitive damages. Defendant will seek to bifurcate punitive damages if the claim is not dismissed on a motion for summary judgment.

### I.    MANUAL FOR COMPLEX LITIGATION

The parties do not believe that all or part of the procedures of the Manual for Complex Litigation should be utilized.

### J.    STATUS OF DISCOVERY

The Parties have not yet begun formal discovery.  The Parties have agreed to exchange Initial Disclosures on July 17, 2026.  Defendant will serve their initial written discovery requests and a deposition notice before the Scheduling Conference.

### K.    DISCOVERY PLAN

The parties' proposed dates and deadlines for discovery are set forth in the Schedule of Pretrial Dates Worksheet.

JOINT RULE 26(F) REPORT

*Subjects of Discovery.*

Plaintiff anticipates seeking discovery on all subjects necessary to establish each element of each cause of action alleged in the Complaint including, but not limited to, the existence of pretext, evidence of harassment and retaliation, and relevant policies and procedures. Plaintiff intends to propound written discovery in the form of Interrogatories, Requests for Production, and Requests for Admission. Plaintiff further intends to take the depositions of key fact witnesses, both party-affiliated and third party, as well as at least one company representative pursuant to FRCP 30(b)(6).

Defendant anticipates seeking discovery on at least the following subjects: Plaintiff's claims, including Plaintiff's notes, phone records, and communications with Tania Serrano, Cecilia Henry, Lori Anderson, and other current and former employees of Defendant and related entities; Plaintiff's current employment; Plaintiff's job search and other efforts to mitigate her alleged damages; Plaintiff's alleged emotional distress damages; Plaintiff's phone records related to her claims; Plaintiff's history of COVID-19; and complaints allegedly made by Plaintiff. Defendant will seek such discovery both through direct written discovery requests to Plaintiff and through third party subpoenas. Defendant also anticipates seeking an independent medical examination of Plaintiff relating to her claim for emotional distress.

*Conducting Discovery in Phases.* The parties agree that non-expert discovery should proceed before expert discovery. In addition, the parties agree that discovery into Defendant's financial condition will not be conducted unless and until there is a finding that an officer, director, or managing agent of Defendant was guilty of malice, oppression, or fraud.

*Confidential Material and Inadvertent Disclosure.* The parties have agreed to execute a joint stipulation and protective order concerning the production of confidential materials in discovery and the inadvertent disclosure of privileged materials, pending agreement on a suitable stipulated protective order. The parties intend to use a model

JOINT RULE 26(F) REPORT

protective order from the Central District of California, or from another federal court in California, as a basis for drafting the protective order.

*Changes to the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure.* The parties have agreed to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) within 28 days after the parties' Rule 26(f) conference on July 17, 2026. The parties propose additional dates and deadlines for discovery, as set forth in the Schedule of Pretrial Dates Worksheet.

In addition to the 25-interrogatory limit imposed by Rule 33(a)(1) and any other limitations on discovery imposed by the Federal Rules of Civil Procedure, Defendant proposes that each side be limited to the following other discovery: 25 requests for admission; 50 requests for production of documents; and 3 non-expert depositions.

Plaintiff does not agree with Defendant and does not propose any modifications to the FRCP and does not see any justification for any modifications that would limit the nature and scope of discovery in this action beyond what the Code provides.

DISCOVERY CUT-OFF

As set forth in the attached Schedule of Pretrial and Trial Dates Worksheet, Plaintiff proposes a fact discovery cut-off of June 21, 2027. Defendant proposes a fact discovery cut-off of May 10, 2027.

## L.    EXPERT DISCOVERY

As set forth in the attached Schedule of Pretrial and Trial Dates Worksheet, Plaintiff proposes an expert discovery cutoff of July 26, 2027. Defendant proposes an expert discovery cut-off of June 21, 2027.

## M.    SETTLEMENT CONFERENCE / ADR

The Parties agree that they prefer mediation with the Court Mediation Panel. As set forth in the Schedule of Pretrial Dates Worksheet, the parties anticipate completing the Settlement Conference by August 9, 2027.

## N.   TRIAL ESTIMATE

Plaintiff estimates five (5) days. Defendant estimates four days.  Plaintiff anticipates calling approximately 5-10 percipient witnesses and an unknown number of expert witnesses at trial. Defendant anticipates calling approximately four percipient witnesses and two expert witnesses at trial.

## O.   TRIAL COUNSEL

Jihad M. Smaili and Stephen D. Counts will represent Plaintiff at trial.   Defendant will be represented by Michele J. Beilke and Steven A. Morphy at trial.

## P.   INDEPENDENT EXPERT OR MASTER

The parties do not anticipate the need for an independent expert or master at this time.

## Q.   SCHEDULE WORKSHEET

See attached Schedule of Pretrial and Trial Dates Worksheet.

## R.   OTHER ISSUES

The parties do not anticipate any special issues at this time.

DATED: June 29, 2026                     SMAILI & ASSOCIATES, PC

                                         By:  /s/ Stephen D. Counts
                                            Jihad M. Smaili, Esq.
                                            Stephen D. Counts, Esq.
                                            *Attorneys for Plaintiff*
                                            ESPERANZA RIOS

DATED: June 29, 2026                     SEYFARTH SHAW LLP

                                         By:  /s/ Steven A. Morphy
                                            Michele J. Beilke
                                            Steven A. Morphy
                                            *Attorneys for Defendant*
                                            GLOBAL ANALYTICAL
                                            DEVELOPMENT LLC

9